IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCOS DE JESUS | § | |
| Plaintiff | § § | |
| v. | § § | Case No. 5:15-CV-1021 |
| DXP ENTERPRISES, INC. | § § | |
| Defendant | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

For his Original Complaint against DXP Enterprises, Inc., Plaintiff Marcos De Jesus shows the following:

### Introduction

Plaintiff brings this action under the Fair Labor Standards Act (FLSA) to recover unpaid wages, including unpaid overtime, for all hours worked. Although Plaintiff, who was employed by Defendant as an "H2S Safety Supervisor," regularly worked extensive amounts of overtime (i.e., hours over forty each week), Defendant violated the overtime provisions of the Fair Labor Standards Act by not paying Plaintiff an overtime premium for hours worked over forty each week. Specifically, Defendant paid Plaintiff a day rate with no overtime premium. Plaintiff now sues for unpaid wages, liquidated damages, and all other relief to which he is entitled.

1

## Parties

1. Plaintiff Marcos De Jesus is an individual residing in San Antonio, Bexar County, Texas, and may be served with papers through the undersigned counsel.

2. Defendant DXP Enterprises, Inc. is a corporation organized under the laws of the State of Texas. It may be served with process through its Registered Agent, Mac McConnell, 7272 Pinemont Drive, Houston, Texas 77040.

## Jurisdiction and Venue

3. The Court possesses subject matter jurisdiction over this case because Plaintiff's asserts claims under the Fair Labor Standards Act. Accordingly, the Court possesses subject matter jurisdiction under 28 U.S.C. Section 1331. Venue is proper in the Western District of Texas, San Antonio Division, because Plaintiff worked for Defendant within the geographic confines of the San Antonio Division and because Defendant maintains operations within the Western District of Texas and the San Antonio Division.

## Statement of Facts

4. Defendant DXP Enterprises, Inc. is engaged in providing oilfield services, including well-site and safety services to oil and gas companies.

5. Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA. Plaintiff worked for Defendant as a full-time non-exempt employee from January 2, 2013 to March 2014. Plaintiff then worked as a part-time non-exempt employee from March 2015 to March 2015. Defendant DXP Enterprises is an employer within the meaning of the FLSA in that it employs workers and has gross revenues well in excess of $500,000.00 per year. Additionally, Defendant is engaged in interstate commerce within the meaning of the FLSA.

6.  Defendant has known, or at least should have known for many years, that "H2S Safety Supervisor Level II" are non-exempt under the FLSA and that employees must be paid for each and every hour worked, including pay at the premium overtime rate for hours worked over forty each week. Nevertheless, Defendant has refused and failed to pay Plaintiff and the other "H2S Safety Supervisor Level II" in accordance with the FLSA. Instead, Defendant has paid Plaintiff and the other "H2S Safety Supervisor Level II" day rate with no provision for overtime compensation.

### Causes of Action: Breach of Contract and Violations of FLSA--Failure to Pay Plaintiff for All Hours Worked, Including Overtime

7.  Plaintiff re-alleges and reincorporates paragraphs 1 through 7 supra.

8.  Plaintiff was non-exempt from the overtime provisions of the FLSA. Defendant failed to pay Plaintiff appropriate overtime compensation for hours worked over forty each week. Plaintiff now sues for unpaid wages, including overtime required under the FLSA.

9.  In addition to unpaid overtime compensation, Plaintiff is entitled to an equal amount in liquidated damages because Defendant did not act in objective good faith. Moreover, because Defendant's actions were willful, Plaintiff pleads the three-year statute of limitations. Lastly, Plaintiff seeks an award of attorney fees incurred in prosecuting this action.

10. Plaintiff has signed a consent to file this action under the Fair Labor Standards Act. It is attached hereto.

### Request for Declaratory and Injunctive Relief

11. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 10 supra.

3

12.     Plaintiff requests that the Court declare that Defendant's policy and practice of paying safety technicians a day rate with no provision for overtime compensation when the safety technicians work in excess of forty hours per week violates the Fair Labor Standards Act, and that the Court enjoin Defendant from engaging in this practice in the future.

## Jury Trial

13.     Plaintiff demands a trial by jury.

## Prayer

Plaintiff prays that, upon final judgment, he be awarded the following:

a.      All unpaid wages, including unpaid overtime;

b.      An equal amount in liquidated damages;

c.      Attorney fees and costs;

d.      Pre- and post-judgment interest; and

e.      All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
email: mgalo@galolaw.com
*Attorney for Plaintiff Marcos de Jesus*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARCOS DE JESUS | § |
| Plaintiff | § |
| | § |
| v. | § Case No. 5:15-cv-1021 |
| | § |
| DXP ENTERPRISES, INC. | § |
| Defendant | § |

## NOTICE OF CONSENT

My name is Marcos De Jesus. I am a former employee of DXP Enterprises, Inc. I consent to participate as a party Plaintiff in the above-captioned lawsuit to recover lost wages, overtime, and liquidated damages.

_____
Signature

_____
Printed Name: Marcos De Jesus
11/17/2015
Date

1